UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW PARIS, CDCR #G-03234,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARCUS POLLARD, Warden,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-0565-JO (JLB)<br><br>**ORDER: (1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

　　　Plaintiff Michael Andrew Paris ("Paris" or "Plaintiff") is an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"). Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims Defendant, former RJD Warden Marcus Pollard, violated his Eighth Amendment rights when he failed take adequate measures to protect Plaintiff's health and safety during a COVID-19 outbreak at RJD in December 2020. *Id.* at 3. Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons stated below, the Court grants Plaintiff's IFP motion.

# I.

## MOTION TO PROCEED IFP

A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed *in forma pauperis* based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs who wish to proceed IFP must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). For prisoners to establish inability to pay, the Prison Litigation Reform Act requires the submission of a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Moreover, prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff has submitted a copy of his trust account statement as well as an official certificate from a prison official verifying the accuracy of his account statement. *See* ECF No. 3 at 1–4. These statements show Plaintiff maintained an average monthly balance of $16.94 and had $19.80 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. His available balance as of October 12, 2021, was $3.24. ECF No. 3 at 3. The Court finds that Plaintiff has established an inability to pay the required $350 filing fee and GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2). Plaintiff will be required to repay this amount installments collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

# II.

## SCREENING PURUSANT TO 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*,

621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, the Court finds Plaintiff's Complaint plausibly alleged an Eighth Amendment claim against Pollard for deliberate indifference to Plaintiff's safety. Because his allegations are sufficient to meet the "low threshold" for proceeding past the *sua sponte* screening stage, *see Wilhelm*, 680 F.3d at 1123, the Court will direct the U.S. Marshal to effect service of a summons and Plaintiff's Complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").[1]

### III.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) pursuant to 28

---

[1] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

3

U.S.C. § 1915(a).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where the named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Pollard as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon Defendant Pollard with the Clerk of Court as soon as possible after its return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, *if Defendant is located within the United States and fails, without good cause, to sign and return the waiver requested by the Marshal on*

*Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service. See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendant, once he has been served, to reply to Plaintiff's Complaint, *and any subsequent pleading he may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED.**

Dated: 11/3/22

Hon. Jinsook Ohta
United States District Judge