UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW PARIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARCUS POLLARD,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-00565-AGS-AHG<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 8] |

Plaintiff Michael Andrew Paris ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that former warden, Marcus Pollard ("Defendant"), violated his rights under the Eighth Amendment when Defendant failed to adequately protect Plaintiff's health and safety during a COVID-19 outbreak at Richard J. Donovan Correctional Facility ("RJD"). ECF Nos. 1, 4. Defendant filed a motion to dismiss, which Plaintiff opposes. ECF Nos. 8, 10. For the reasons outlined below, the Court **RECOMMENDS** that the District Judge **GRANT** the motion to dismiss with leave to amend.

## I. BACKGROUND

In his complaint, Plaintiff alleges that, in December 2020, there was a COVID-19 outbreak at RJD, during which "over 1,000 inmates and correctional staff," including Plaintiff, contracted COVID-19. ECF No. 1 at 3. Plaintiff contends Defendant, the warden of RJD at that time, was "negligent under deliberate indifference" because he failed to require all RJD employees be tested for COVID-19 before entering the prison until December 16, 2020, after[1] the outbreak had already begun. *Id.* Plaintiff contends Defendant was "responsible for the health and safety of all inmates and his deliberate indifference [was] inexcusable." *Id.* Plaintiff further contends he has suffered "long term effects" from contracting COVID-19. *Id.* Plaintiff claims Defendant violated his Eighth Amendment rights and seeks compensatory and punitive damages. *Id.* at 3, 7.

On January 7, 2023, Defendant filed a motion to dismiss Plaintiff's complaint. ECF No. 8. Plaintiff timely filed his opposition on February 3, 2023. ECF No. 10. Defendant timely filed his reply on March 1, 2023. ECF No. 12. The Court finds the matter suitable for submission without oral argument pursuant to CivLR 7.1(d)(1).

## II. PARTIES' POSITIONS

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff failed to state a claim upon which relief can be granted and because Defendant is entitled to qualified immunity. ECF No. 8 at 7.[2] Defendant argues that Plaintiff failed to state a

---

[1] It is unclear from Plaintiff's complaint whether the COVID-19 outbreak, where Plaintiff presumably contracted COVID-19, occurred before or after the testing of employees began on December 16, 2020. *See* ECF No. 1 at 3 (explaining that "in December 2020 RJD had a COVID-19 outbreak[,]" and noting that Plaintiff "tested positive for COVID-19 in December of 2020"). However, the Court will liberally construe Plaintiff's complaint as alleging the outbreak occurred before testing began. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates").

[2] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

claim for deliberate indifference because: (1) Plaintiff's allegations are too general; (2) the failure to adopt alternative preventive measures does not constitute deliberate indifference; (3) Plaintiff fails to allege that Defendant acted unreasonably; and (4) Plaintiff does not allege that Defendant knew of the risk to safety and deliberately disregarded the risk. *Id*. at 12. Defendant argues that he is entitled to qualified immunity because it was not clearly established that his COVID-19 response was constitutionally deficient. *Id*. at 17.

In response, Plaintiff contends that he had a higher risk of contracting COVID-19 due to his medical history. ECF No. 10 at 2. Plaintiff contends that Defendant disregarded an excessive risk to Plaintiff's health because he knew or should have known that COVID-19 was spreading rapidly in correctional institution settings due to several recent outbreaks. *Id*. at 1. Plaintiff argues that, since RJD had prohibited visitors due to the risks of the pandemic, it should have required those essential employees to be tested for COVID-19. *Id*. Plaintiff further argues that, as the warden of the prison, Defendant had a duty to mitigate the effects of the pandemic and prevent outbreaks of COVID-19. *Id*.

Defendant responds that Plaintiff's more detailed allegations in his opposition still do not state a claim upon which relief can be granted, because Defendant's failure to adopt alternative preventative measures does not constitute deliberate indifference. ECF No. 11 at 2–3; *see also id*. at 3 ("Plaintiff identifies an action Defendant might have taken to reduce to spread of the virus, i.e., testing earlier, but provides no factual or legal support that failure to take such action constituted deliberate indifference to Plaintiff's safety"). Defendant further responds that, although Plaintiff alleged Defendant was aware of the risk to inmates generally, Plaintiff failed to allege that Defendant was aware of an elevated risk to Plaintiff in particular. *Id*. at 3.

### III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, plaintiffs must also plead "enough

facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or conclusory allegations, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In determining whether a complaint states a claim to relief that is plausible on its face, factual allegations are accepted as true and construed in the light most favorable to plaintiff. *See, e.g.*, *Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Accordingly, after discounting any unsupported conclusory allegations, the factual allegations in the pleading, when accepted as true, need "only plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216–17 (internal quotation marks omitted).

*Pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). When a plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See, e.g.*, *Hebbe*, 627 F.3d at 342; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.   DISCUSSION

Defendant seeks dismissal of Plaintiff's complaint (1) because Plaintiff failed to state a claim upon which relief can be granted and (2) because Defendant is entitled to qualified immunity. ECF No. 8 at 7. The Court will address each in turn.

### A.     Whether Plaintiff States a Claim for Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). As such, it is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982); *see also Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) ("The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement"). Thus, prison officials have a constitutional obligation to protect inmates from a "serious, communicable disease." *See Helling v. McKinney*, 509 U.S. 25, 32–34 (1993); *see also Hutto v. Finney*, 437 U.S. 678, 682–83 (1978) (affirming Eighth Amendment violation, in part, because prisoners were kept in crowded cells with others suffering from infectious diseases, such as hepatitis and venereal disease); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 "premised on the danger of contracting various communicable diseases" from being housed with contagious inmates during a known "epidemic"). "It is clear that COVID-19 poses a substantial risk of serious harm to prisoners." *Patton v. Gastello*, No. 21-cv-6634-JFW-PLA, 2022 WL 18228258, at *4 (C.D. Cal. Oct. 26, 2022), *report and recommendation adopted*, 2023 WL 1931325 (C.D. Cal. Feb. 10, 2023); *see, e.g.*, *Fuller v. Amis*, No. ED-CV-21-127-SSS-AS, 2023 WL 3822057, at *4 (C.D. Cal. Apr. 13, 2023) (collecting cases).

To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The deliberate indifference standard involves an objective and subjective prong. First, the plaintiff must allege, in objective terms, a "sufficiently serious" deprivation. *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the inmate must allege the prison official "knew

of and disregarded an excessive risk to inmate health or safety[.]" *Farmer*, 511 U.S. at 837. Put another way, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id*. at 837–45.

In his complaint,[3] Plaintiff alleges that, as RJD's warden, Defendant was responsible for ensuring the safety of RJD prisoners during the COVID-19 pandemic and his failure to require testing of employees entering the facility amounted to a violation of Plaintiff's Eighth Amendment rights. ECF No. 1 at 3. However, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient to state a cognizable cause of action. *See Ivey*, 673 F.2d at 268; *see, e.g.*, *Hall v. Allison*, No. 21-cv-1520-JFW-E, 2022 WL 3013162, at *11 (C.D. Cal. Jul. 18, 2022) (finding plaintiff's "conclusory allegations" that prison warden "purportedly failed to prevent or mitigate the outbreak of Covid" to be insufficient to state a cognizable Eighth Amendment claim); *Peyton v. Cates*, No. 22-cv-151-JLT-EPG-PC, 2022 WL 1430752, at *6 (E.D. Cal. May 5, 2022) ("Plaintiff's generalized allegations that Defendant, as the head of the prison, should have better responded to the COVID pandemic are insufficient to show that Defendant knew of and disregarded an excessive risk to Plaintiff's health.").

Further, a "plaintiff's generalized allegations of the risks associated with COVID-19 without any causal link between defendant['s] actions or inaction and plaintiff's

---

[3] Though Plaintiff's opposition contains additional allegations, the focus of the Court's analysis is the complaint. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when resolving a motion to dismiss for failure to state a claim, a "court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" because any "new allegations contained in the inmates' opposition … are irrelevant for Rule 12(b)(6) purposes") (emphasis omitted); *see, e.g.*, *Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 549 n.2 (9th Cir. 2016) (refusing to consider statements contained only in plaintiff's opposition to defendant's motion to dismiss and not in the complaint itself).

Case 3:22-cv-00565-AGS-AHG   Document 13   Filed 07/27/23   PageID.97   Page 7 of 13

subsequent harm are insufficient to state a claim under the Eighth Amendment." *Patton*, 2022 WL 18228258, at *5. Here, Plaintiff alleges that he tested positive for COVID-19 during a prison-wide outbreak as a result of Defendant's failure to test correctional staff entering the prison. ECF No. 1 at 3. This conclusory allegation lacks a causal link. *See Tran v. Tampkins*, No. ED-CV-22-167-MCS-DFM, 2023 U.S. Dist. LEXIS 8922, at *13 (C.D. Cal. Jan. 18, 2023) (dismissing complaint where the plaintiff alleged that the prison "did not conduct staff testing as early as they were required to do [] and that, as a result, Plaintiff contracted COVID-19" from an administrative staff member, explaining that plaintiff's conclusory statement failed to establish a causal connection).

The Court also finds that Plaintiff has failed to allege sufficient facts to show Defendant "knew of and disregarded an excessive risk to inmate health or safety[.]" *See Farmer*, 511 U.S. at 837. In his complaint, Plaintiff states Defendant was "negligent under deliberate indifference." ECF No. 1 at 3. Deliberate indifference requires a defendant possess a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839–40. Plaintiff must allege specific facts to show not only that Defendant was personally aware of the facts from which he could draw an inference that a substantial risk existed, "and he must also draw the inference." *Farmer*, 511 U.S. at 837.

For example, in his complaint, Plaintiff alleges that Defendant failed to properly protect all inmates. *See* ECF No. 1 at 2 ("[Defendant] failed to properly protect the inmates at RJD"); *id.* ("the warden is responsible for the health and safety at RJD for all inmates"). As such, Plaintiff fails to establish that Defendant was subjectively aware of the risk to Plaintiff in particular.[4] *See, e.g.*, *Tran*, 2023 U.S. Dist. LEXIS 8922, at *13 (dismissing

---

[4] A "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842; *see, e.g.*, *Jones v. Pollard*, No. 21-cv-162-MMA-RBM, 2022 WL 706926, at *8–*9 (S.D. Cal. Mar. 9, 2022) (noting that the increased risk of COVID-19 infection due the intentional placement of infected inmates among those not infected "are sufficient to support the inference that Defendant knew of

complaint, explaining that, "[w]hile the Court could reasonably infer that these Defendants were generally aware of the risk of COVID-19 to inmates, there is no indication that any of these Defendants were subjectively aware of a serious risk of substantial harm to Plaintiff"); *Jones*, 2022 WL 706926, at *7–*9 (granting motion to dismiss as to warden's "failure to control the spread of COVID-19 within RJD, generally, including the allegations pertaining to the failure to provide appropriate masks" and denying motion to dismiss as to specific allegations regarding warden's affirmative decision to place inmates infected with COVID-19 in the mental health building where Plaintiff was housed); *see cf. Victory v. Allison*, No. 22-cv-1118-JLT-SAB-PC, 2023 WL 3824827, at *8 (E.D. Cal. June 5, 2023) (recommending dismissal of complaint where the "complaint fails to set forth sufficient factual allegations to demonstrate that Defendants knowingly disregarded an excessive risk to Plaintiff's health and safety. Rather, Plaintiff's allegations amount to potential negligence, at most, which is not sufficient to give rise to a claim for relief").

In addition, when an inmate names the warden as a defendant, he must specifically allege the warden's personal involvement in the constitutional deprivation or a causal connection between the alleged wrongful conduct and the alleged constitutional deprivation. *Iqbal*, 556 U.S. at 676. This is because "wardens are not liable based solely on their role in supervising prisons." *McKissick v. Gastelo*, No. 21-cv-1945-VAP-MAA, 2021 WL 1388346, at *3 (C.D. Cal. Apr. 13, 2021). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr*, 652 F.3d at 1207 (quoting

---

the heightened risk to Plaintiff of contracting COVID-19 and disregarded that risk"). However, here, by failing to allege any medical risk factors, or means that the virus was spread such as through a specific housing unit, Plaintiff has not adequately pled that the risk to him was obvious. Additionally, Plaintiff argued to the contrary in his opposition, noting that "masks were required and social distancing w[as] part of the plan to mitigate the virus[.]" ECF No. 10 at 2.

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

Supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), *abrogated on other grounds*, *Farmer*, 511 U.S. at 825. To prove liability for an action or policy, the plaintiff must "demonstrate that his deprivation resulted from an official policy or custom established by a … policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey*, 673 F.2d at 268.

While Plaintiff alleges that Defendant failed to take action to abate the spread of COVID-19 until December 16, 2020, when he instituted testing of employees, Plaintiff fails to allege specific facts to show that Defendant knew of the risk to inmate safety and disregarded it by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 825. It is not enough to show inmates were at risk of contracting COVID-19 generally, or that Defendant was aware of that risk. Under the second subjective prong, "[a] prison official may be held liable under the Eighth Amendment for acting with 'deliberate indifference' to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*.

Thus, to the extent Plaintiff roots his Eighth Amendment claim solely on Defendant's status as warden of the prison, it also does not provide a cognizable basis for liability. *See Kersh v. Gastelo*, No. 21-cv-1921-CAS, 2022 WL 1037754, at *4 (C.D. Cal. Feb. 28, 2022) *report and recommendation adopted*, 2022 WL 1032389 (C.D. Cal. Apr. 6, 2022) (dismissing complaint that warden did not do enough to abate the spread of COVID-

19); *McKissick*, 2021 WL 1388346, at *1–*3 (finding no supervisory liability and dismissing complaint against warden for failing to protect inmates from spread of COVID-19 where plaintiff alleged a failure to implement social distancing and noted that the staff failed to wear face masks to ensure Plaintiff's safety). Here, Plaintiff has failed to allege facts plausibly showing that Defendant violated the Eighth Amendment by acting with deliberate indifference to Plaintiff's safety with regard to implementing COVID-19 mitigation strategies. *See, e.g.*, *Tran*, 2023 U.S. Dist. LEXIS 8922, at *18 (even if wardens "could have taken additional steps to follow applicable health and safety guidelines and further reduce the risk of COVID-19 for inmates, the Complaint fails to show the level of unreasonable response to COVID-19 necessary to state a claim for deliberate indifference"); *Burgess v. Newsom*, No. 21-cv-77-SAB-PC, 2021 WL 4061611, at *4 (E.D. Cal. Sept. 7, 2021), *report and recommendation adopted*, 2021 WL 4975140 (E.D. Cal. Oct. 25, 2021) (finding no supervisory liability and dismissing complaint against warden, which alleged failures to enforce social distancing to control the spread of COVID-19, explaining that, "even if the response at [the] Prison has been inadequate, there are insufficient allegations to demonstrate that [the wardens or associate wardens] disregarded a known risk or failed to take any steps to address the risk").

Accordingly, because Plaintiff fails to state a claim against Defendant as an individual or as a supervisor, the Court recommends that Defendant's motion to dismiss be granted.

### B. Whether Plaintiff Should be Permitted to Amend his Complaint

If a complaint fails to state a claim but the defects could be cured, the court should provide leave to amend, especially if the plaintiff is *pro se*. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

10

3:22-cv-00565-AGS-AHG

Because Plaintiff is proceeding *pro se*, and because the Court cannot determine with certainty that Plaintiff will be unable to state a claim, the Court recommends giving Plaintiff the opportunity to amend his complaint to remedy the deficiencies.

The Court reminds Plaintiff, if the instant Report and Recommendation is adopted, Plaintiff's amended complaint must be complete by itself without reference to any previous version of his pleading—i.e., defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

### C. Whether Defendant is Entitled to Qualified Immunity

Qualified immunity shields a public official from a suit for damages if, under the Plaintiff's version of the facts, a reasonable official in the Defendant's position could have believed that his conduct was lawful in the light of clearly established law and the information the official possessed at the time the conduct occurred. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining whether a public official is entitled to qualified immunity, the inquiry is twofold. Courts have discretion to decide which step to address first. *Pearson*, 555 U.S. at 236. First, the Court must determine whether the plaintiff has alleged the deprivation of an actual constitutional right. *Id.* Second, the Court must determine whether the right was clearly established. *Id.* The determination of whether the law was clearly established "must be undertaken in light of the specific context of the case." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds*, *Pearson*, 555 U.S. at 236.

The Court notes that "qualified immunity is generally a fact specific inquiry." *Patton*, 2022 WL 18228258, at *7 (citing *Saucier*, 533 U.S. at 201). Because the Court is recommending the granting of leave to amend—substantially because Plaintiff has not alleged sufficient factual allegations against Defendant—such a fact-intensive

determination is inappropriate at this stage of the proceedings. *See id*. At the present time, the Court simply cannot determine whether Defendant's actions are shielded by qualified immunity because Plaintiff has failed to identify the specific actions or inaction of Defendant in the complaint. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("a Rule 12(b)(6) dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies"). Therefore, the Court recommends that Defendant's motion to dismiss on qualified immunity grounds should be denied without prejudice at this time. *See Patton*, 2022 WL 18228258, at *7 (denying without prejudice defendant's motion to dismiss on qualified immunity grounds because it had granted defendant's motion to dismiss for failure to state a claim); *Esparza v. Baca*, No. 07-cv-4119-PSG-OP, 2010 WL 4536786, at *12 (C.D. Cal. Aug. 31, 2010), *report and recommendation adopted*, 2010 WL 4530364 (C.D. Cal. Oct. 29, 2010) (declining to address qualified immunity defense when it had dismissed plaintiff's complaint with leave to amend, explaining that "[g]iven the Court's ruling on the other issues herein, such a fact intensive determination is inappropriate at this stage of the proceedings"); *see cf. Jones*, 2022 WL 706926, at *10 (denying defendant's motion to dismiss as to qualified immunity defense "without prejudice to Defendant raising the defense at a later stage of the litigation," because "qualified immunity should be more appropriately addressed at a later stage[,]" while also collecting cases that show that an "existing precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease").

## V. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Andrew G. Schopler under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the United States District Court for the Southern District of California. In addition, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) directing that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's failure to state a claim and **DENIED without prejudice** as to Defendant's

qualified immunity defense, (3) dismissing Plaintiff's complaint, and (4) directing Plaintiff, if he still wishes to pursue this action, to file an Amended Complaint that remedies the deficiencies discussed above.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **August 11, 2023**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **August 18, 2023**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  July 27, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge